James G. HOGGATT, Appellant
(Petitioner),

v.

The STATE of Wyoming, Appellee
(Respondent).

No. 5208.

Supreme Court of Wyoming.

Feb. 15, 1980.

Gerald M. Gallivan, Director, Wyoming Defender Aid Program, E. Boyd Hollingsworth, Jr., Student Intern, Wyoming Defender Aid Program, Laramie, Richard H.

Honaker, State Public Defender, and Michael Schilling, Asst. State Public Defender, Cheyenne, for appellant.

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., and Gay R. Vanderpoel, Asst: Atty. Gen., Cheyenne, for appellee.

Before RAPER, C. J., ·and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

ROSE, Justice.

This is an appeal from the denial of a petition for post-conviction relief, brought pursuant to §§ 7–14–101 to 7–14–108, inclusive, W.S.1977.

The issues raised by appellant's brief are:

"1. Whether or not Appellant, in fact, entered a plea of guilty.

"2. Whether or not the trial court adequately determined that the plea of guilty which it accepted was voluntarily given.

"3. Whether or not there was a factual basis for the plea of guilty which the trial court accepted." [1]

Additionally, the State urges that any complaints the defendant has should have been brought here by direct appeal and not by way of post-conviction relief.

## FACTS [2]

Appellant was arraigned on September 14, 1978, and charged with burglary, grand larceny and being a habitual criminal. The court read the three pertinent statutes to appellant at the arraignment. The only other explanation of the charges given by the court in these proceedings came after the reading of the burglary statute when the court said, "The proscribed area which you are alleged to have entered unlawfully is a closed portion of an automobile." The court then noted that if appellant were convicted on all three charges he could be sentenced "to the penitentiary for life."

The court ·went on to inform the accused that he had a right to stand trial; and he was also apprised of his rights should that be his choice. The court then explained that if he were to plead guilty he would waive certain rights. The judge also informed the defendant that his guilty plea would not be received unless it was voluntarily made and supported by a factual basis. At this time, appellant entered pleas of not guilty to all three charges.

A plea agreement was subsequently entered into and change-of-plea proceedings were held fourteen days after the arraignment. Upon this occasion, the defense attorney moved to withdraw the not-guilty plea to the burglary charge. The court then asked the accused:

"Mr. Hoggatt, is there anything about your constitutional rights or the procedures before the Court or any of the other matters that the Court took up with you on September 14 that you'd like to ask the Court about?"

The appellant replied in the negative and was thereupon allowed to withdraw the not-guilty plea.

Immediately thereafter, appellant was asked to enter his plea to the burglary charge. Appellant did not respond, but, instead, his attorney interrupted to explain the plea agreement to the court.

The attorney explained that the terms of the agreement included a plea of guilty to the burglary charge in return for dismissal of the remaining two charges, together with favorable consideration concerning an out-of-state parole violation. After stating the terms of the plea agreement, defense attorney asked, "Is that correct, Mr. Hoggatt?" Appellant answered, "Yes."

The prosecuting attorney then placed a further explanation of the plea agreement on the record, after which the court asked the appellant whether or not he understood the plea agreement and appellant said that he did. The court then questioned the accused to ascertain if there existed a factual basis for the charge and appellant admitted

---

1. Verbatim from appellant's brief.

2. The statement of facts are principally from the statement in appellant's brief—with which the State seems to have no quarrel.

that he "just opened the door" of the vehicle, entered the vehicle without consent, and stole something out of the vehicle.

## Findings of the Court

Without further inquiry, the court found that appellant was competent to enter a plea of guilty and there was a factual basis for the plea. Further, the court found that there had been no promises of leniency or special treatment and the plea of guilty was voluntary "to that extent."

3. Rule 15, W.R.Cr.P., provides:

"(a) *Alternatives.*—A defendant may plead not guilty, not guilty by reason of mental illness or deficiency, unfit to proceed by reason of mental illness or deficiency, guilty, or nolo contendere. If a defendant refuses to plead or if a defendant corporation fails to appear, the court shall enter a plea of not guilty.

"(b) *Nolo Contendere.*—A defendant may plead nolo contendere only with the consent of the court. Such a plea shall be accepted by the court only after due consideration of the views of the parties and the interest of the public in the effective administration of justice.

"(c) *Advice to defendant.*—Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

"(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and

"(2) If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if necessary, one will be appointed to represent him; and

"(3) That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and

"(4) That if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial; and

"(5) That if he pleads guilty or nolo contendere, the court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement.

The "partially negotiated" plea bargain was accepted by the court, whereupon appellant was adjudged guilty of burglary and sentenced to eight to fourteen years in the penitentiary.

## Relief Sought

On March 22, 1979, appellant filed in district court a pro se motion to withdraw his guilty plea, alleging, among other things, the lack of a factual basis required by Rule 15(f), W.R.Cr.P.[3]

"(d) *Insuring that the plea is voluntary.*—The court shall not accept a plea of nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the the [sic] result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the state and the defendant or his attorney.

"(e) *Plea agreement procedure.*

"(1) In general.—The attorney for the state and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser related offense, the attorney for the state will do any of the following:

"(i) Move for dismissal of other charges; or

"(ii) Make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court; or

"(iii) Agree that a specific sentence is the appropriate disposition of this case.

"The court shall not participate in such discussions.

"(2) Notice of Such Agreement.—If a plea agreement has been reached by the parties, the court shall, on the record, require the disclosure of the agreement in open court or, on a showing of good cause, *in camera*, at the time the plea is offered. Thereupon the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report.

"(3) Acceptance of a Plea Agreement.—If the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement.

On April 6, 1979, appellant filed a pro se petition for post-conviction relief, properly supported by affidavit. The petition alleged, among other things, that appellant did not enter a plea of guilty as required by law; that the trial court failed to comply with the requirements of Rule 15, W.R. Cr.P., before asking appellant to enter his plea; and the trial court failed to ascertain a factual basis for the plea which it accepted, since there was no evidence of the intent to steal at the time of the breaking and entering of the vehicle.

The motion and petition were treated as a single petition for post-conviction relief and a hearing on the issue was held on August 24, 1979. Appellant appeared pro se, with the assistance of his previously appointed counsel.

Following this hearing, the court denied the prayer of appellant's petition and made several findings of fact and conclusions of law in an order dated September 18, 1979.

Appellant filed a timely notice of appeal.

### Post-Conviction Relief

The tenets of post-conviction relief are well established in the law of this state. *Munoz v. Maschner*, 590 P.2d 1352 (1979); *Albert v. State*, Wyo., 466 P.2d 826, reh. den., 468 P.2d 968 (1970); and *Johnson v. State*, Wyo., 592 P.2d 285 (1979).

Post-conviction relief is available only in certain instances where the error is of constitutional magnitude and the petition alleges denial of defendant's constitutional rights. § 7–14–101, W.S.1977; *Munoz, supra; Albert, supra;* and *Johnson, supra.* Post-conviction relief may be granted only in extraordinary circumstances which strongly suggest a miscarriage of justice and may not be entertained as a substitute for raising appealable issues. *Munoz*, supra, at p. 1355; and *Johnson*, supra, at p. 286. The remedy does not permit review of error which could or should have been brought by direct appeal. *Munoz*, supra; and *Johnson*, supra. Where the error complained of is characterized as a violation of procedural due process, showing must be made that a protected liberty has been affected. *Munoz*, supra.

Failure on the part of the court to establish the voluntariness of the guilty plea, in compliance with Rule 15, W.R.Cr.P., deprives the defendant of his constitutional right of due process. *Cardenas v. Meacham*, Wyo., 545 P.2d 632, 633–634 (1976).

"(4) Rejection of a Plea Agreement.—If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, *in camera*, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw his plea, and advise the defendant that if he persists in his guilty plea or plea of nolo contendere the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

"(5) Time of Plea Agreement Procedure.— Except for good cause shown, notification to the court of the existence of a plea agreement shall be given at the arraignment or at such other time, prior to trial, as may be fixed by the court.

"(6) Inadmissibility of Pleas, Offers of Pleas, and Related Statements.—Except as otherwise provided in this paragraph, evidence of a plea of guilty, later withdrawn, or a plea of nolo contendere, or an offer to plead guilty or nolo contendere to the crime charged or any other crime, or of statements made in connection with, and relevant to, any of the foregoing pleas or offers, is not admissible in any civil or criminal proceeding against the person who made the plea or offer. However, evidence of a statement made in connection with, and relevant to, a plea of guilty, later withdrawn, a plea of nolo contendere, or an offer to plead guilty or nolo contendere to the crime charged or any other crime, is admissible in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath, on the record, and in the presence of counsel.

"(f) *Determining accuracy of plea.*—Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

"(g) *Record of proceedings.*—A verbatim record of the proceedings at which the defendant enters a plea shall be made and, if there is a plea of guilty or nolo contendere, the record shall include, without limitation, the court's advice to the defendant, the inquiry into the voluntariness of the plea including any plea agreement, and the inquiry into the accuracy of a guilty plea."

This concept speaks to the proposition that post-conviction relief is a proper remedy under and by authority of § 7–14–101, supra; *Munoz*, supra, and *Johnson*, supra.

### Neglect or Refusal to Plead

■ The purpose of the plea in criminal proceedings is to bring about the joining of the issues for trial, and there can be no trial on a charge of felony without a plea of not guilty. *Fletcher v. State*, 20 Wyo. 284, 123 P. 80 (1912). It follows, of course, that, without a trial, judgment cannot be passed and sentence entered against an accused who has pleaded not guilty or who stands before the bar as though he had pleaded not guilty. Concerning the necessity to enter a plea, Rule 15(a), W.R.Cr.P., provides that "[i]f a defendant refuses to plead . . . the court shall enter a plea of not guilty." The predecessor to Rule 15(a), § 7–9–119, W.S.1977, provides in part, "if upon the arraignment the accused offer no plea in bar, he shall answer the question propounded by the court by pleading 'guilty' or 'not guilty,' but if he answer evasively or stand mute he shall be taken to have pleaded 'not guilty.'" If the accused plead "not guilty" a day will be designated for trial. § 7–9–121, W.S.1977.

■ We understand Rule 15(a) to continue to contemplate that if the accused neglects to plead—if the court neglects to take his plea—if the accused's answer is evasive or if he stands mute, his refusal or failure or the court's neglect will render the status of the plea proceedings to be as though the plea was "not guilty."

It is said in 21 Am.Jur.2d, Criminal Law (1965), § 462, "Effect of failure or refusal to plead,":

" . . . Generally, under modern practice, if the accused stands mute and neglects or refuses to plead, the court may enter a plea of not guilty and proceed to trial, for the rule is that one who stands mute on arraignment in legal effect pleads not guilty."

■ In the instant case, the defendant stood mute, neglected to plead or was actually not called upon to do so again after his attorney's explanation of the bargain. It was, therefore, the trial court's duty to enter a plea of "not guilty" and supervise the setting of the case for trial, unless it can be said that, even though he did not respond directly, he did in law plead guilty through the response of his attorney to the inquiry of the court.

It is argued that the attorneys' explanation of the plea-bargain arrangement, which included an agreement upon the part of the accused to plead guilty to the charge of burglary, together with the accused's admission that he understood this to be a part of the bargain, provides an adequate substitute for the change of plea of not guilty to guilty. In support of this position, the State cites *Cox v. State*, Wyo., 494 P.2d 541 (1972). We do not agree, in light of our holding in *Cardenas*, supra, because that opinion requires strict compliance with Rule 15, W.R.Cr.P., in order that the accused's due-process rights be satisfied.

Included in the directives of *Cardenas* are requirements concerning the plea bargain contained in the following language:

" . . . In order to comply with Rule 15 of the Wyoming Rules of Criminal Procedure, the court, before the plea is entered, must determine if there has been a bargain made with respect to the plea. If there has, it must be made a part of the record. The court must then inquire of the defendant if the purported bargain is as he understood it to be when making his plea decision. The court must explain the bargain's effect with respect to maximum sentence and its effect on concurrent or consecutive sentencing, if that be a part of the bargain, and all other aspects of the agreement must be reviewed by the court with the defendant. The court must make known to the defendant whether there is anything about the bargain which is abhorrent to the court or which violates any aspect of the sentence which the court intends to impose. If the bargain purports to improperly bind the court, the defendant should know this and should be told that

the court will not be bound by any such impropriety.

"*In other words, every aspect of the bargain and the court's reaction to it should be reviewed at the Bar on the record before the plea is received so that the record will forever reflect that it was made voluntarily by the defendant and with a full understanding of its consequences.*" 545 P.2d at 639–640. (Emphasis supplied)

▇▇▇ In light of the above, we have no trouble reaching the following conclusion: A guilty plea was never entered because the accused himself stood mute or—for any reason—did not respond when the court asked him how he pleaded to the charge. The attorneys' explanation of the plea bargain, which included an agreement to plead guilty to burglary, together with the court's inquiry as to whether the accused understood the bargain, and the accused affirming that he did and that the attorneys had repeated it right, did not satisfy the rule of *Cardenas*, supra.

▇▇▇ Since the court did not explain to the accused for the record the bargain, which contemplated the change of plea from not guilty to guilty and did not inquire whether it was voluntary and whether he understood it, and since the judge did not elicit such response as would support a conclusion that the accused was making the plea voluntarily and with knowledge—it cannot be concluded by this court that the defendant changed his plea voluntarily and with full understanding of the consequences of his act.

The logical conclusion is that we have a defendant who stood before the court as though he had pleaded not guilty and who was adjudged guilty and sentenced without a trial.

### ADHERENCE TO RULE 15, W.R.Cr.P.

#### Cardenas Revisited

▇▇▇ A condition precedent to our acceptance of the proposition that an accused

has effectively changed his plea from not guilty to guilty, and thus made up an issue upon which judgment could be entered and sentence pronounced, is a showing on the record that Rule 15, W.R.Cr.P., has been complied with. The reason for this is that the informing process which furnishes a basis for a change of plea goes to the guarantee of the accused's constitutional rights of due process. Until those rights have been protected by the Rule 15, W.R.Cr.P., mandatory ritual, there is nothing which will permit the judge on the record to reach a rational and informed conclusion that the defendant exercised his prerogatives voluntarily and with an understanding of what his decision would bring. *Cardenas*, supra.

▇▇▇ For the court to establish the fact that the defendant has pleaded guilty voluntarily, the court must—*at the hearing where the plea of guilty is offered and before the judge accepts it*—address and advise the defendant in open court on the record and determine if he understands

"[t]he nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;" Rule 15(c)(1).[4]

This was not done.

The court must advise the defendant "[t]hat he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself;" Rule 15(c)(3).

This was not done.

The court must inform and advise the defendant

"[t]hat if he pleads guilty . . . there will not be a further trial of any kind, so that by pleading guilty . . .

---

**4.** The statutes concerning the crimes with which the defendant was charged were read at the arraignment, but this is not what the rule

provides for—the rule provides that those things mandated therein will be done "*[b]efore accepting a plea of guilty.*"

he waives the right to a trial;" Rule 15(c)(4).

This was not done.

Further, the court must advise the defendant

"[t]hat if he pleads guilty . . . the court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement." Rule 15(c)(5).

This was not done.

Rule 15(d), W.R.Cr.P., goes on to require the court to address the defendant personally in open court and determine that the plea was voluntary and did not come about as a result of

"force or threats or of promises apart from a plea agreement."

This was not done.

The court did not address and personally inquire of the defendant whether his willingness to change his plea to guilty came about through prior

"discussions between the attorney for the state and the defendant or his attorney,"

as it was required to do under Rule 15(d), supra.

Additionally, the plea bargain was not inquired into as we have noted above. This is mandatory according to Rule 15, W.R.Cr.P., and *Cardenas*, supra.

 To fail to comply with the strictures of this rule is to deny the defendant his constitutional right of due process of law. This rule is mandatory. Failure to strictly adhere to Rule 15, W.R.Cr.P., will inevitably result in reversal, as it must here.

There is no good purpose to be served by further reiterating the reasons for the requirement. They have been thoroughly explained in *Cardenas*, supra; and also see *Britain v. State*, Wyo., 497 P.2d 543 (1972).

 The defendant also complains that the court did not properly and adequately inquire whether or not there was a factual basis for the plea as required by Rule 15. Since we reverse on other grounds, we will not comment, except to say that it is absolutely imperative that the court, before accepting a guilty plea, determine that there are facts which support a plea of guilty and this showing must clearly appear of record.

The petition is granted and the matter remanded to the trial court in order that the defendant will be permitted to replead to all charges that were lodged against him prior to the resentencing hearing in which the errors complained of herein occurred, and for such other and further proceedings as are not inconsistent with this opinion.

Reversed and remanded.