**Floyd CRAWFORD, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 84–199.

Supreme Court of Wyoming.

June 25, 1985.

Leonard D. Munker, State Public Defender, Wyoming Public Defender Program, Martin J. McClain, Appellate Counsel, Cheyenne, and Victoria G. Huntoon, Laramie, for appellant (defendant).

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., John Renneisen, Sr. Asst. Atty. Gen., Michael A. Blonigen, Asst. Atty. Gen., Cheyenne, for appellee (plaintiff).

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

BROWN, Justice.

Appellant Floyd Crawford appeals his conviction, which was based on a plea of guilty, and alleges error as follows:

"1. Did the Trial Court err in change of plea and sentencing hearing because it did not comply with W.R.Cr.P. 15 which requires the guilty plea be set aside?

"2. Did the Trial Court correctly determine that Appellant's guilty plea which it accepted was voluntarily given?"

We will reverse and remand.

We need not address the voluntariness issue because of our determination of the first issue.

Appellant was convicted of first-degree sexual assault in violation of § 6-2-301(a)(i), W.S.1977. Appellant's arraignment commenced January 10, 1984, and was continued until January 13, 1984, so that the State could amend the information.[1] Appellant pled not guilty on January 13, 1984. On March 14, 1984, appellant changed his plea to not guilty and not guilty by reason of mental deficiency or mental illness.

Appellant was admitted to the State Hospital pursuant to § 7-11-301 et seq., W.S. 1977. It was determined by hospital personnel that appellant was "not mentally ill or deficient," and also that he was "not mentally ill or deficient at the time of the alleged criminal action."

Later a plea bargain was agreed upon and on the 13th day of July, 1984, appellant withdrew his plea of not guilty and not guilty by reason of mental deficiency or mental illness and entered a plea of guilty.[2]

---

1. The amended information added a paragraph alleging a previous conviction of a crime similar to the crime charged in the original information, thus subjecting appellant to an enhanced punishment. Section 6-2-306(b)(ii), W.S.1977.

2. At the change-of-plea hearing on July 13, 1984, a plea bargain was mentioned but its terms were not disclosed. However, the court signed an order reciting a plea agreement and dismissed the second paragraph of the information

Appellant waived the presentence investigation report and the court proceeded to impose sentence.

Rule 15(c), Wyoming Rules of Criminal Procedure, provides:

"(c) *Advice to defendant.*—Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

"(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and

"(2) If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if necessary, one will be appointed to represent him; and

"(3) That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and

"(4) That if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial; and

"(5) That if he pleads guilty or nolo contendere, the court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in the prosecution for perjury or false statement."

The trial court failed to comply with Rule 15(c) at the change-of-plea hearing; that is, the record of the July 13, 1984, hearing does not contain the advice required to be given according to Rule 15(c) before a defendant's guilty plea is accepted.

The requirements of Rule 15(e), W.R. Cr.P., were not met; that is, the plea agreement was not disclosed on the record nor was it accepted on the record and appellant so advised.[3] If the advice given by the trial court at the January 10, January 13, March 14, and July 13 proceedings were joined, it is possible Rule 15(c), W.R.Cr.P., may have been substantially complied with. The state does not contend, however, that the court complied with Rule 15(c) at the time the guilty plea was accepted or even that the trial court advised appellant of his rights in installments. The state contends, however, that the deficiencies in the advice required by Rules 15(c) and 15(e) do not require reversal. We disagree.

The effect of noncompliance with Rule 15(c) was discussed in *Hoggatt v. State*, Wyo., 606 P.2d 718, 724–725 (1980):

"A condition precedent to our acceptance of the proposition that an accused has effectively changed his plea from not guilty to guilty, and thus made up an issue upon which judgment could be entered and sentence pronounced, is a showing on the record that Rule 15, W.R. Cr.P., has been complied with. The reason for this is that the informing process which furnishes a basis for a change of plea goes to the guarantee of the accused's constitutional rights of due process. Until those rights have been protected by the Rule 15, W.R.Cr.P., manda-

---

which pertained to enhanced punishment provided for by § 6–2–306(b)(ii).

**3.** Rule 15(e)(2) and (3), W.R.Cr.P.:

"(2) Notice of Such Agreement.—If a plea agreement has been reached by the parties, the court shall, *on the record, require the disclosure of the agreement in open court* or, on a showing of good cause *in camera,* at the time the plea is offered. Thereupon the court may *accept or reject* the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report.

"(3) Acceptance of a Plea Agreement.—If the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement."

tory ritual, there is nothing which will permit the judge on the record to reach a rational and informed conclusion that the defendant exercised his prerogatives voluntarily and with an understanding of what his decision would bring. * * *

* * * * * *

"To fail to comply with the strictures of this rule is to deny the defendant his constitutional right of due process of law. This rule is mandatory. Failure to strictly adhere to Rule 15, W.R.Cr.P., will inevitably result in reversal, as it must here."

▬ In *Cardenas v. Meacham*, Wyo., 545 P.2d 632, 639–640 (1976), we said:

" * * * In order to comply with Rule 15 of the Wyoming Rules of Criminal Procedure, the court, before the plea is entered, must determine if there has been a bargain made with respect to the plea. If there has, it must be made a part of the record. The court must then inquire of the defendant if the purported bargain is as he understood it to be when making his plea decision. The court must explain the bargain's effect with respect to maximum sentence and its effect on concurrent or consecutive sentencing, if that be a part of the bargain, and all other aspects of the agreement must be reviewed by the court with the defendant. The court must make known to the defendant whether there is anything about the bargain which is abhorrent to the court or which violates any aspect of the sentence which the court intends to impose. If the bargain purports to improperly bind the court, the defendant should know this and should be told that the court will not be bound by any such impropriety.

"In other words, every aspect of the bargain and the court's reaction to it should be reviewed at the Bar on the record before the plea is received so that the record will forever reflect that it was made voluntarily by the defendant and with a full understanding of its consequences."

We reluctantly reverse this case because of the court's failure to comply with Rules 15(c) and 15(e), W.R.Cr.P.[4] Our reversal is based principally on the authority of the Hoggatt and Cardenas cases. Furthermore, we hold that attempted compliance with Rule 15(c) by advising appellant of his rights by installments is insufficient. The advice required by Rule 15(c) must be given at the time a plea of guilty is accepted. The State, while not contending that there was no error, urges that we adopt a harmless error rule similar to that recognized by some federal circuit courts. We decline to address a harmless error rule at this time, noting that the state has not demonstrated that this error is harmless beyond a reasonable doubt, and we will wait until a proper case is before us to discuss such a rule.

Reversed and remanded for further proceedings consistent with this opinion.

---

**4.** We say we are reluctant to reverse because in appellant's folksy account of the factual basis for his plea of guilty, it is clear that he committed the crime charged. Appellant has never claimed he was not guilty except a perfunctory plea to that effect.