Paul Douglas SMALLWOOD,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 87–190.

Supreme Court of Wyoming.

Jan. 27, 1988.

Julie D. Naylor, Appellate Counsel, Wyoming Public Defender Program, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Sr. Asst. Atty. Gen., Thomas A. Roan, Student Intern, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

This criminal appeal challenges appellant's conviction and sentencing pursuant to guilty pleas entered to two charges, felony child abuse, § 6–2–503(a), W.S.1977, 1983 Replacement, and battery, § 6–2–501, W.S.1977, 1983 Replacement.

Appellant raises two issues on appeal:

"1. Whether the district court accepted a guilty plea in contravention of Rule 15(c), W.R.Cr.P.

"2. Whether the district court abused its discretion in sentencing appellant to a term of four to five years in the Wyoming State Penitentiary to run concurrent with a term of six months."

We reverse and remand by a dispositive determination of the first issue, and consequently do not address the abuse-of-discretion issue.

FACTS

On October 20, 1986, appellant Paul Smallwood was charged with seven counts, including two counts of battery in violation of § 6–2–501, W.S.1977, 1983 Replacement; two counts of incest in violation of § 6–4–402(a), W.S.1977, 1987 Cum.Supp.; two counts of taking indecent liberties with a child in violation of § 14–3–105, W.S. 1977, 1986 Replacement; and one count of felony child abuse in violation of § 6–2–503(a), W.S.1977, 1983 Replacement. Smallwood initially pled not guilty to all counts at his arraignment on December 17, 1986, at which time he was informed, among other things, of the possible minimum and maximum sentences for each count. At a change-of-plea hearing on April 27, 1987, Smallwood entered guilty pleas to the count of felony child abuse, and to one count of battery, and the remaining counts were dismissed.

At the change-of-plea hearing, the dialogue included:

"THE COURT: Mr. Smallwood, do you recall at your arraignment, which was December 17th of 1986, I explained to you the charges against you and the possible penalties?

"THE DEFENDANT: Yes, sir.

"THE COURT: Did you understand them then and do you understand them now?

"THE DEFENDANT: Yes, sir, I do.

"THE COURT: Do you waive, that means give up, any further explanation of them?

"THE DEFENDANT: Yes, sir.

"THE COURT: At that time I also explained to you your constitutional rights. "Do you remember that?

"THE DEFENDANT: Yes, sir, I do.

"THE COURT: Did you understand them then and do you understand them now?

"THE DEFENDANT: Yes, sir, I do.

"THE COURT: Do you waive, that is give up, any further explanation of your constitutional rights?

"THE DEFENDANT: Yes, sir.

"THE COURT: Mr. Smallwood, I have been informed that you wish to change your plea on Counts IV and V. "Is that correct?"

The court proceeded to explain some of the constitutional and civil rights that he would waive by his plea, including that after pleading guilty he would be examined under oath.

"THE COURT: * * * Mr. Smallwood, to the charge of child abuse as contained in Count IV, more specifically, that on or about August 17, 1986, in Crook County, Wyoming, you willfully, unlawfully and intentionally inflicted physical injury, skin bruising, upon a child under the age of 16 years, namely Angelia Smallwood by hitting her twice with a belt, said acts constituting a violation of Wyoming Statute 6–2–503(a), how do you plead?

"THE DEFENDANT: Guilty.

"THE COURT: And to Count V, the charge of battery, more specifically, that on or about September 26, 1986, in Crook County, Wyoming, you willfully and unlawfully touched another person, namely Henryetta Smallwood, in an angry manner, by slapping her in the face, said acts constituting a violation of Wyoming Statute 6–3–501, how do you plead?

"THE DEFENDANT: Guilty."

The court continued inquiry to obtain a factual basis, accepted the guilty plea, and ordered a presentence report and psychological evaluation. At no time during this hearing was Smallwood again advised of the maximum possible sentences under the statutes.

Judgment was entered on the pleas, and after the presentence report and psychological evaluation were completed, a sentencing hearing was held on June 17, 1987. Smallwood was sentenced to a term of six months on the battery charge, and to a penitentiary term of not less than four nor more than five years on the child abuse charge, with sentences to run concurrently and credit given for 235 days of presentence confinement. This appeal is taken from that judgment and sentence.[1]

Rule 15(c), W.R.Cr.P., provides:

---

1. The charged felony offense was striking his 16–year–old daughter twice with a belt. The resulting four to five year sentence was obviously "a heavy hit," in sentencing parlance. The six-month sentence was for slapping his wife (a misdemeanor). This was the confinement cure for family violence. The case is demonstrative of a part of contemporary American tragedies that is repeated with frequency. First married for 15 years; four children; divorced after five aborted starts in that direction; then reconciled without remarriage, the husband-wife relationship had been in all events stormy. At one time she shot him, requiring him to be hospitalized for five months.

The charged 36–year–old defendant had a speech defect; was the youngest boy of 11 children; was healthy in appearance; and was of borderline intelligence, with an I.Q. of 73. He cannot read or write a simple note. He spent 235 days in jail waiting disposition, and at the presentence conference insisted that he had "done nothing wrong," which undoubtedly in his experience and with his education and heritage was true. His ego factor in life style and self justification was that he had "always worked hard and always paid his bills, even though times were occasionally hard." His stated effort to get out of jail was:

"Dear Judge Judson:

"My name is Paul Smallwood. I am awaiting sentencing. Right now I am told it will take at least one month. Is there any way we can move up my sentencing? I have been in jail for over seven months. My family needs financial support and I wish to help them when I get out. This is why I am asking that if possible you hurry along my sentencing. I hope this is OK that I write this to you. "Pastor James Bolda wrote this for me as I asked him to. "Thank you, "Paul Smallwood"

"(c) Advice to Defendant.—Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

"(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the *maximum penalty* provided by law; * * *." (Emphasis added.)

The frequently reiterated purpose of Rule 15, W.R.Cr.P. is to allow the judge to determine whether the defendant entered the plea voluntarily and with an understanding of the consequences of the plea. *Keller v. State,* Wyo., 723 P.2d 1244 (1986); *Hoggatt v. State,* Wyo., 606 P.2d 718 (1980); *Cardenas v. Meacham,* Wyo., 545 P.2d 632 (1976). In *Crawford v. State,* Wyo., 701 P.2d 1150 (1985), which is the controlling case, we have held that strict compliance with the rule is mandatory.

In *Cardenas v. Meacham,* supra; *Keller v. State,* supra; and most recently in *Crawford v. State,* supra, we restated that the record must affirmatively show that the judge personally informed the defendant of the maximum possible penalty in order to comply with Rule 15(c). The effect of noncompliance with that rule was discussed in *Hoggatt v. State,* supra, 606 P.2d at 724–725:

"A condition precedent to our acceptance of the proposition that an accused has effectively changed his plea from not guilty to guilty, and thus made up an issue upon which the judgment could be entered and sentence pronounced, is a showing on the record that Rule 15, W.R.Cr.P., has been complied with. The reason for this is that the informing process which furnishes a basis for a change of plea goes to the guarantee of the accused's constitutional rights of due process. Until those rights have been protected by the Rule 15, W.R.Cr.P., mandatory ritual, there is nothing which will permit the judge on the record to reach a rational and informed conclusion that the defendant exercised his prerogatives voluntarily and with an understanding of what his decision would bring. * * *

"For the court to establish the fact that the defendant has pleaded guilty voluntarily, the court must—*at the hearing where the plea of guilty is offered and before the judge accepts it*—address and advise the defendant in open court on the record and determine if he understands

" '[t]he nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;' Rule 15(c)(1).

\* \* \* \* \* \*

"To fail to comply with the strictures of this rule is to deny the defendant his constitutional right of due process of law. This rule is mandatory. Failure to strictly adhere to Rule 15, W.R.Cr.P., will inevitably result in reversal, as it must here."

In the case at bar, the record reflects that Smallwood was not advised of the maximum possible penalty at the change-of-plea hearing, as required by Rule 15, W.R.Cr.P.

Furthermore, despite the State's renewed harmless-error argument:

" * * * [A]ttempted compliance with Rule 15(c) by advising appellant of his rights by installments is insufficient. The advice required by Rule 15(c) must be given at the time a plea of guilty is accepted. * * * We decline to address a harmless error rule at this time, noting that the State has not demonstrated that this error is harmless beyond a reasonable doubt * * *." *Crawford v. State,* supra, 701 P.2d at 1153.

Reversed and remanded for further proceedings consistent with this opinion.