**Roger Maurice GIST, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 87–285.

Supreme Court of Wyoming.

Feb. 24, 1989.

Wyoming Public Defender Program: Leonard D. Munker, State Public Defender, Carol Serelson, Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Gerald P. Luckhaupt, Paul Rehurek, Asst. Attys. Gen., for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

THOMAS, Justice.

The question to be resolved in this case is whether the bright line rule that the court has adopted in direct appeals from convictions premised on pleas of guilty in which the trial court failed to assiduously follow the requirements of Rule 15(c), W.R. Cr.P., should be extended to cases in which the issue is raised by a petition for post-conviction relief. The district court ruled that the appellant, Roger Maurice Gist, failed to establish any basis for post-conviction relief, and it denied relief, dismissing the petition that Gist presented pursuant to §§ 7–14–101 to –108, W.S.1977. We agree that Gist is not entitled to relief under the statutory post-conviction procedure, and we affirm the ruling of the district court.

The single issue presented by Gist is stated in his brief as follows:

"Did the trial court err in the change of plea hearing because it did not comply with W.R.Cr.P. 15(c) and thus violate appellant's constitutional rights?"

Gist also suggests, in the alternative, that the court should treat several claims presented to the district court which were not briefed or argued in this court. The State of Wyoming sets forth the following issues:

"I. Has appellant waived the issue on this appeal for failure to raise it in the original or amended petition for post-conviction relief?

"II. Has appellant waived the issue on appeal by his failure to raise it on direct appeal?

"III. Are claimed violations of Rule 15(c), W.R.Cr.P., cognizable in Wyoming post-conviction relief?

"IV. Should this court consider the issues raised in the post-conviction petition since they are not supported by any cogent argument or pertinent authority on this appeal?

"V. Is there any merit to the issues raised in the post-conviction petition?"

We will not consider those claims which were presented to the trial court and adopted by reference but not briefed or argued in this court. This attempt to incorporate those issues in the appeal is contrary to Rule 5.01(2), W.R.A.P., and we treat with the single issue of failure to comply with Rule 15(c), W.R.Cr.P.

Gist was charged with two counts of aiding and abetting the delivery of marijuana in violation of § 35-7-1031(a), W.S.1977. A plea agreement was made with the prosecuting attorney, and Gist then entered a plea of guilty to the second count of the indictment in exchange for the dismissal of the first count. He was sentenced to serve one and one-half to three years in the Wyoming State Penitentiary. Gist did not appeal from his conviction.

Instead, he proceeded by means of a pro se petition for post-conviction relief in accordance with § 7-14-101, W.S.1977, in the district court. The court appointed counsel, and an amended petition was filed. In that petition, the district court was presented with a more expansive and general wording of this issue which framed the question as one of a substantial violation of Gist's constitutional rights to due process and a fair trial guaranteed by the Fourteenth Amendment to the Constitution of the United States and Art. 1, § 6 of the Wyoming Constitution. The district court held that the petition did not establish a violation of these constitutional rights, and

relief was denied. This appeal is taken from that ruling of the district court.

The State of Wyoming urges the concept of procedural waiver as a bar to relief for Gist. It is true that we have adopted a disciplined approach to post-conviction relief and have concluded that it is not to be invoked as a substitute for a direct appeal, nor should it be treated like a direct appeal. *Cutbirth v. State*, 751 P.2d 1257 (Wyo. 1988); *Pote v. State*, 733 P.2d 1018 (Wyo. 1987); *Munoz v. Maschner*, 590 P.2d 1352 (Wyo.1979). The effect of our rulings is to foreclose from consideration under post-conviction relief those questions which could have been presented on direct appeal. In so doing, we honor the rule of res judicata and promote the concept of finality. This stance is supportive of those considerations of judicial economy which suggest that a review of certain issues is best accomplished by direct appeal. Furthermore, we limit consideration of post-conviction relief to those motions which raise questions of constitutional magnitude and manifest a miscarriage of justice. *Cutbirth; Wright v. State*, 718 P.2d 35 (Wyo.1986).

Even so, we resolve the threshold question of whether his claim is now barred in favor of Gist. The State, citing *Whitney v. State*, 745 P.2d 902 (Wyo.1987), and *Morgan v. State*, 708 P.2d 1244 (Wyo.1985), urges that the issue should have been raised on direct appeal. The State also argues that the question was not squarely raised by Gist's petition and amended petition in the trial court. We conclude, however, that a question of constitutional magnitude is presented as to which cause may exist for the failure to present it on direct appeal. We afford Gist the benefit of the doubt as to whether the issue properly was presented in the trial court, and we review the question on the merits.

Gist relies on that line of cases in which this court has considered the function of Rule 15(c), W.R.Cr.P., and in which we have held, in cases presenting the question on direct appeal, that it was reversible error for the trial court to fail to follow the provisions of that rule with respect to advice to the defendant. E.g., *Smallwood v.*

*State,* 748 P.2d 1141 (Wyo.1988); *Crawford v. State,* 701 P.2d 1150 (Wyo.1985); *Ecker v. State,* 545 P.2d 641 (Wyo.1976); *Britain v. State,* 497 P.2d 543 (Wyo.1972).

In these cases, we have taken our lead from the federal interpretation of Rule 11(c), F.R.Cr.P., noting that our Rule 15(c), W.R.Cr.P., is substantially similar to the federal rule. These rules are designed to insure that criminal defendants receive that substantive due process mandated by *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). House Judiciary Committee Notes to Rule 11(c), F.R. Cr.P. Comment (b) to the Uniform Rule of Criminal Procedure, which parallels our Rule 15(c), W.R.Cr.P., states that the goal of this part of the rule is to produce a record which will affirmatively show that a plea of guilty was intelligent and voluntary. The rule is designed to establish that the defendant's waiver of his rights to a jury trial, confrontation of witnesses, and the protection against self-incrimination is made with understanding of the effect of his act. This Comment refers to *Boykin* and points out that this understanding will not be presumed from a silent record. Standard 14–1.4(b), The American Bar Association Standards for Criminal Justice, asserts the same goal and suggests that "the court * * * take such other steps as may be necessary to assure itself that the guilty plea is entered with complete understanding of the consequences." The comment to that standard does note that the standard recognizes that "[a] court cannot be expected to explain to a defendant in detail all of the rights that are relinquished by pleading guilty * * *," and it explains that, because the effort was made to make the standard as complete as possible, it is more comprehensive than what is required by any of these cited authorities, including *Boykin.* The "critically important" factor is that a plea of guilty must be intelligently entered.

Federal courts, in considering compliance with Rule 11, F.R.Cr.P., have focused on the rationale for the rule. In *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the observation was made that "the procedure embodied in Rule 11 has not been held to be constitutionally mandated." The court further says that "it is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is voluntary." *McCarthy,* 394 U.S. at 465, 89 S.Ct. at 1170. A further reason noted in *McCarthy* is the need to provide a complete record of the proceedings and, thereby, discourage frivolous post-conviction attacks on the voluntariness of pleas of guilty. The decisions in the federal courts establish as the rationale for reversal the exercise of the supervisory power in order to accomplish the identified goal. The bright line rule this court has adopted with respect to direct appeals is consistent with such a policy and is designed to assure that the record will establish that the guilty plea of a defendant was made knowingly, intelligently, and voluntarily, which is the due process requirement.

■ When the issue is raised in a collateral attack, however, the same justification for invoking the bright line rule is not present. Instead of invocation of supervisory authority, post-conviction relief requires an issue of constitutional magnitude. The only case in which the question has been raised in this state in a post-conviction proceeding is *Hoggatt v. State,* 606 P.2d 718 (Wyo.1980), and, in that case, the defendant never was called upon to plead. The court entered judgment and sentence in the absence of a plea. We there said that "[p]ost-conviction relief may be granted only in extraordinary circumstances which strongly suggest a miscarriage of justice and may not be entertained as a substitute for raising appealable issues." *Hoggatt,* 606 P.2d at 722. The extraordinary circumstance in *Hoggatt* was the fact that no plea was entered.

In this instance, while the court did not comply with Rule 15(c), W.R.Cr.P., at the change of plea proceeding, a reading of all of the proceedings relating to the initial plea and the change of plea affirmatively demonstrates that the trial court discharged its constitutional obligations and duties to Gist. We have held that a guilty plea admits all the elements of a charge

and waives all errors except those that are jurisdictional. *Sword v. State*, 746 P.2d 423 (Wyo.1987). While that decision excluded errors of a constitutional magnitude, *Sword*, 746 P.2d at 425, the constitutional right to which Gist was entitled was not simply the mechanical reading of Rule 15, W.R.Cr.P. Gist's constitutional right was the right not to be convicted except upon a knowing, intelligent, and voluntary plea. Our examination of the proceedings in the district court demonstrates that the constitutional protection against entering any plea of guilty without doing so knowingly, intelligently, and voluntarily was present for Gist. We agree with the district court that he was not deprived of his constitutional rights.

Consequently, we affirm the decision of the district court dismissing the petition for post-conviction relief. There was no error in so doing, and the order of the district court is affirmed.