Florentino RODRIGUEZ, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 95–129.

Supreme Court of Wyoming.

May 22, 1996.

Rehearing Denied June 11, 1996.

Sylvia L. Hackl, State Public Defender, Deborah Cornia, Appellate Counsel and Megan L. Hayes, Laramie, for Appellant.

William U. Hill, Attorney General, Paul S. Rehurek, Deputy Attorney General, D. Michael Pauling, Senior Assistant Attorney General and Georgia L. Tibbetts, Assistant Attorney General, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellant Florentino Rodriguez appeals from the order which corrected his sentences.

We reverse and remand.

## ISSUES

Appellant presents the following issues for our review:

Issue One: Whether the District Court improperly enhanced the defendant's sentence, pursuant to section 6–10–201(a) and (b)(ii), W.S.1977, the Wyoming Habitual Criminal statute, because child abuse is not a violent felony within the meaning of the Habitual Criminal Statute.

Issue Two: Whether the imposition of an illegal sentence requires the District Court to vacate the defendant's guilty pleas and to allow the defendant to plead anew.

Issue Three: Whether the District Court failed to advise the defendant correctly, pursuant to the requirements set forth in W.R.Cr.P. 11(b)(1), of the maximum penalties under law, thus undermining the voluntariness of the defendant's subsequent guilty pleas.

## FACTS

On June 28, 1993, while Appellant was in the back yard of his home in Torrington, his daughter, who was under the age of sixteen years, appeared with her bicycle. The daughter threw her bicycle to the ground and complained to her father that the chain kept falling off. Appellant told her that he would fix the bicycle for her if she would bring it to him. The daughter refused to bring the bicycle to him. Appellant instructed the daughter to pick up the bicycle and put it where it belonged. The daughter again refused. Appellant threatened that, if the daughter did not pick up her bicycle, he would hit her with a broom handle which was located nearby. The daughter replied that she did not have to pick up the bicycle, at which time Appellant struck her three or four times on her buttocks with the broom handle. The daughter then brought the bicycle to Appellant, warning him that she would get even with him. In response, Appellant hit the daughter in the face with his fist. She suffered bruises on her buttocks and swelling to her nose and left eye.

Appellant was arrested on June 30, 1993, and charged with two counts of felony child abuse as defined by WYO. STAT. § 6–2–503 (1988).[1] The information detailed the facts which were the bases for the charges and set forth the maximum five-year penalty which accompanied each of the charges. Because Appellant had three prior felony convictions, the State filed an amended information on July 7, 1993, alleging that Appellant was a habitual criminal as defined by WYO. STAT. § 6–10–201 (1988)[2] and listing the maximum penalty on each count as being a life sentence. As a result of plea negotiations with Appellant, the State subsequently filed another amended information on July 30, 1993, which listed the maximum penalty on each count as being ten to fifty years under § 6–10–201(b)(i).

During Appellant's arraignment, the district court inquired about the terms of the plea agreement reached by the parties. The prosecuting attorney explained that, in exchange for Appellant's guilty pleas, he had agreed to allege the lesser enhancement under the habitual criminal statute. Appellant was informed of his rights, and he stated that he understood the consequences of entering guilty pleas. The district judge read aloud the full text of the habitual criminal statute, and he stated that the pleas which the district court was accepting under that statute would subject Appellant to serve a term of not less than ten years nor more than fifty years for each charge.

Appellant pleaded guilty to each count. At the sentencing hearing, the district court sentenced Appellant to serve two consecutive terms of not less than seven years nor more than ten years in the Wyoming State Penitentiary.

On April 20, 1995, Appellant filed a *pro se* motion for leave to withdraw his guilty pleas or, in the alternative, to correct his illegal sentences, arguing that the threshold requirement for applying the habitual criminal

---

1. Section 6–2–503 provides:

   (a) Except under circumstances constituting a violation of W.S. 6–2–502, a person is guilty of child abuse, a felony punishable by imprisonment for not more than five (5) years, if:
   (i) The actor is an adult or is at least six (6) years older than the victim; and
   (ii) The actor intentionally or recklessly inflicts upon a child under the age of sixteen (16) years:
   (A) Physical injury as defined in W.S. 14–3–202(a)(ii)(B); or
   (B) Mental injury as defined in W.S. 14–3–202(a)(ii)(A).

2. Section 6–10–201 provides:

   (a) A person is a[ ] habitual criminal if:
   (i) He is convicted of a violent felony; and
   (ii) He has been convicted of a felony on two (2) or more previous charges separately brought and tried which arose out of separate occurrences in this state or elsewhere.
   (b) A[ ] habitual criminal shall be punished by imprisonment for:
   (i) Not less than ten (10) years nor more than fifty (50) years, if he has two (2) previous convictions;
   (ii) Life, if he has three (3) or more previous convictions.

statute is a conviction of a "violent felony" as that term is defined in WYO. STAT. § 6–1–104(a)(xii) (Supp.1995)[3] and that felony child abuse is not listed as being such an offense. Appellant also argued that his defense attorney improperly advised him of the charges and the maximum penalties which he was subject to and that, consequently, he did not intelligently and voluntarily plead guilty as W.R.Cr.P. 11 requires.

Eight days later, the district court, on its own motion, ordered that Appellant's sentences be corrected. The district court acknowledged that the sentences had been erroneously imposed on the basis of the enhanced penalty provisions contained in the habitual criminal statute and that the sentences should be corrected. The district court, therefore, corrected the sentences to provide that Appellant would serve two consecutive terms of not less than four years nor more than five years in the Wyoming State Penitentiary. It is from that order that Appellant makes this timely appeal.[4]

### DISCUSSION

We have examined the three issues which were presented and have determined that Appellant's primary argument is that the district court abused its discretion by correcting the illegal prison sentences rather than permitting Appellant to withdraw his guilty pleas.

■ Generally, W.R.Cr.P. 32(d) governs the withdrawal of a guilty plea. That rule provides:

(d) *Plea withdrawal.*—If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only to correct manifest injustice.

W.R.Cr.P. 32(d). When W.R.Cr.P. 11, the rule which relates to the acceptance of guilty pleas, has not been complied with, however, a defendant is entitled to "plead anew without showing manifest injustice." *Britain v. State*, 497 P.2d 543, 545 (Wyo.1972). The district court has discretion in deciding whether to permit a defendant to withdraw his guilty plea. *Jackson v. State*, 902 P.2d 1292, 1293 (Wyo.1995). We will not disturb the district court's decision on appeal unless the district court abused its discretion. *Id.*

■ The State concedes in its brief that the initially imposed sentences were illegal as a matter of law given that the habitual criminal statute applies only to "violent felonies" and that the statutory definition of "violent felonies" does not include felony child abuse. *See* §§ 6–1–104(a)(xii), 6–10–201; *see also Rich v. State*, 899 P.2d 1345, 1346–47 (Wyo. 1995); *Cooley v. State*, 885 P.2d 875, 876 (Wyo.1994). We, therefore, will not delve into a discussion on the illegality of Appellant's initial sentence. The State argues, however, that the district court acted within its discretion in correcting the sentences rather than allowing Appellant to withdraw his guilty pleas.

■ We examine Appellant's pleas in light of W.R.Cr.P. 11(b), which provides in pertinent part:

(b) *Advice to Defendant.*—Except for forfeitures on citations (Rule 3.1) and pleas entered under Rule 43(c)(2), before accepting a plea of guilty or nolo contendere to a felony ..., the court must address the defendant personally in open court and, unless the defendant has been previously advised by the court on the record and in the presence of counsel, inform the defen-

---

3. Section 6–1–104(a)(xii) provides:
  (a) As used in W.S. 6–1–101 through 6–10–203 unless otherwise defined:

  .   .   .   .   .

  (xii) "Violent felony" means murder, manslaughter, kidnapping, sexual assault in the first or second degree, robbery, aggravated assault, aircraft hijacking, arson in the first or second degree or aggravated burglary.

4. The State argues that Appellant's appeal is untimely. The order which corrected Appellant's sentences was entered on April 28, 1995. Appellant filed his notice of appeal on May 11, 1995. The appeal is, therefore, timely because it was filed within thirty days pursuant to W.R.A.P. 2.01(a).

dant of, and determine that the defendant understands, the following:

(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and *the maximum possible penalty provided by law* ...

(Emphasis added.) The purposes of W.R.Cr.P. 11 have been said to be:

"[T]o assist the judge in making the constitutionally required determination that a defendant's plea is truly voluntary, to produce a complete record at the time the plea was entered of the factors relevant to this voluntariness determination, and to enable more expeditious disposition of the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas."

*Bird v. State,* 901 P.2d 1123, 1128 (Wyo.1995) (quoting *Stice v. State,* 799 P.2d 1204, 1209 (Wyo.1990)). "The intent of the procedural requirements is to prevent the individual charged with a crime from being misled into a waiver of substantial rights." *Mehring v. State,* 860 P.2d 1101, 1106 (Wyo.1993). The procedural requirements also ensure that a defendant fully understands the consequences of his plea. *Smallwood v. State,* 748 P.2d 1141, 1143 (Wyo.1988). We demand that judges fully and exactly comply with W.R.Cr.P. 11. *Britain,* 497 P.2d 543.

■ Appellant argues that W.R.Cr.P. 11(b)(1) was violated at his arraignment because the possible punishment was overstated and that he, consequently, did not voluntarily enter his pleas. To be valid, a guilty plea must be voluntarily, knowingly, and intelligently made, and any failure by the district court to establish that a guilty plea was voluntarily made deprives the defendant of his constitutional due process right. *Smallwood,* 748 P.2d at 1143. The standard for testing whether a plea is voluntary is as follows:

" '[A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).' "

*Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970) (*quoting Shelton v. United States,* 246 F.2d 571, 572 n. 2 (5th Cir.1957), *rev'd on other grounds,* 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579 (1958)).

*Mehring,* 860 P.2d at 1109.

The district court violated the W.R.Cr.P. 11(b)(1) requirements by failing to correctly inform Appellant with respect to the maximum penalties which could be imposed on him if he were to plead guilty. The maximum allowable sentence on each child abuse conviction was five years. Appellant was misled when he was told that he could receive two consecutive life sentences if he were convicted of the child abuse charges. Appellant was further misled when he was told that, if he were to plead guilty, he would be subject to an imprisonment term of not less than ten years nor more than fifty years on each count. These misrepresentations encouraged Appellant to plead guilty to the charges because he believed that he was being given much more lenient sentences in exchange for his guilty pleas. These misrepresentations, therefore, undermined the voluntariness of Appellant's pleas. Had Appellant been correctly informed of the maximum allowable penalties, he may have elected to go to trial. Imposing new sentences within the statutory guidelines cannot correct this defect. *Chae v. People,* 780 P.2d 481, 487 n. 12 (Colo.1989) (en banc). Appellant was denied his constitutional due process right, and his guilty pleas must be vacated as he could not have been fully aware of the consequences of his pleas at the time he entered them. *Smallwood,* 748 P.2d at 1143.

We decline to apply a harmless error analysis as the State urges us to do because the State has not demonstrated that this error was harmless beyond a reasonable doubt. *See Smallwood,* 748 P.2d at 1143; *Crawford v. State,* 701 P.2d 1150, 1153 (Wyo.1985).

Contrary to our decision in *Bird,* 901 P.2d 1123, where we held that the district court's error was harmless, in this case, it is impossible to determine how Appellant might have pleaded had he been provided with accurate sentencing information.

Since the district court did not comply with W.R.Cr.P. 11, Appellant did not voluntarily plead guilty. He, therefore, should be given the opportunity to plead anew. *See Britain,* 497 P.2d at 545.

Reversed and remanded for further proceedings consistent with this opinion.