Merril Wade AYERS, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 96–271.

Supreme Court of Wyoming.

Dec. 18, 1997.

Merril Wade Ayers, Pro Se.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Kimberly A. Baker–Musick, Assistant Attorney General, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

TAYLOR, Chief Justice.

Appellant contests the denial of his motion for reconsideration of sentence, filed nine years after his guilty plea and sentencing on the charge of first-degree sexual assault. Appellant now claims the sentencing judge was unfit to perform his duties and improperly asserted himself into plea negotiations. Absent legal or factual support for appellant's claims, we affirm the district court.

## I.  ISSUES

Although appellant states several lengthy issues on appeal, the relevant issues may be summarized as follows:

1.  Was appellant denied due process of law when the sentencing judge inserted himself into the plea negotiations?

2.  Was appellant deprived due process of law when he was sentenced by a judge ad-

dicted to cocaine and willfully engaging in illegal conduct?

## II. FACTS

In 1987, appellant, Merril Wade Ayers (Ayers), was charged with two counts of kidnapping and one count of first-degree sexual assault after following two women into their motel room and, at gunpoint, demanding one woman perform fellatio. Prior to and at his arraignment, Ayers was notified that the State would seek enhancement of his sentence pursuant to the habitual criminal offender provision. Ayers pled not guilty, and the district court was informed that plea negotiations would ensue.

During Ayers' re-arraignment, the parties informed the district court they had reached a plea agreement. The prosecuting attorney explained that in exchange for Ayers' guilty plea to the charge of first-degree sexual assault, the two counts of kidnapping would be dropped. The State recommended a sentence of not less than twenty nor more than fifty years at the Wyoming State Penitentiary. The district court confirmed Ayers' understanding of the plea agreement and informed Ayers that if he accepted the plea, Ayers would also be fined $50.00 for the Victim's Compensation Fund. Ayers then pled guilty to the charge of first-degree sexual assault and provided a factual basis for his plea.

An amended judgment and sentence, issued on June 26, 1987, ordered Ayers to be confined at the Wyoming State Penitentiary for no less than twenty and no more than fifty years and imposed a $50.00 fine. On July 9, 1996, Ayers filed a motion for reconsideration pursuant to W.R.Cr.P. 35, seeking reduction of his sentence to a minimum of ten years. On July 16, 1996, the district court denied Ayers' motion for reconsideration, finding that the sentence in this matter was not an illegal sentence and the motion for reconsideration was not filed within one year of sentencing. Ayers then filed this appeal.

## III. STANDARD OF REVIEW

■■■ A denial of a motion brought under W.R.Cr.P. 35(a) is reviewed to determine

whether the district court abused its discretion. *Cardenas v. State*, 925 P.2d 239, 240 (Wyo.1996). An illegal sentence is one that exceeds the relevant statutory maximum, imposes multiple terms for the same offense, or a sentence whose terms violate the constitution or the law. *Brown v. State*, 929 P.2d 522, 523 (Wyo.1996); *Cardenas*, 925 P.2d at 240; *Parker v. State*, 882 P.2d 1225, 1228 (Wyo.1994).

## IV. DISCUSSION

■■■ Ayers contends the sentencing judge "inserted himself into the plea agreements," and he therefore involuntarily pled guilty because he did not believe he would get a fair trial. A guilty plea must be voluntarily, knowingly, and intelligently made, and any failure by the district court to establish that a guilty plea was voluntarily made deprives the defendant of his constitutional due process right. *Rodriguez v. State*, 917 P.2d 172, 175 (Wyo.1996).

> " '[A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats * * *, misrepresentation * * *, or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).' "

*Id.* (*quoting Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970)). Ayer's claim that his plea was involuntary finds no support in the record. Ayers' affidavit, the sole factual support for his claim, merely states he was told by the prosecuting attorney that the district judge would not accept an agreement which set the minimum sentence below twenty years. The affidavit is silent as to how the prosecuting attorney arrived at that conclusion. A close review of the sentencing proceeding demonstrates that there was no impropriety during the sentencing hearing.

Neither are Ayers' remaining arguments supported by the record, relevant legal authority or cogent argument. They will, therefore, not be considered. *Gunderson v.*

*State,* 925 P.2d 1300, 1302 (Wyo.1996); *Collier v. State,* 920 P.2d 265, 267 (Wyo.1996); *Madrid v. State,* 910 P.2d 1340, 1347 (Wyo. 1996).

## V. CONCLUSION

To the extent that Ayers was seeking to vacate an illegal sentence, the record contains no hint of impropriety or error. To the extent that Ayers was seeking to modify his sentence, his motion was untimely filed. Therefore, the district court's order is affirmed.