**Richard Lynn WRIGHT,
Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. 85–197.**

Supreme Court of Wyoming.

April 24, 1986.

Richard Lynn Wright, pro se.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., and John W. Renneisen, Sr. Asst. Atty. Gen., for appellee (plaintiff).

Before THOMAS, C.J., BROWN, CARDINE and URBIGKIT, JJ., and GUTHRIE, J., Retired.

THOMAS, Chief Justice.

The only question presented in this appeal is whether the district court should have granted a motion for reduction of sentence premised upon a claim that the appellant, Richard Lynn Wright, was sentenced under the wrong statute. Wright's position in the district court was not definitive, and his request for relief has been enhanced by his argument in his brief. Wright claims that although he was convicted of the crime of burglary he should have been sentenced only for a larceny which was incidental to the burglary. He argues that because the statutory penalty for the larceny is significantly less than the statutory penalty for the burglary our cases require that he be given the benefit of sentencing under the larceny statute. It does not appear that this contention was addressed by the district court, but it is erroneous. We affirm the denial of relief by the district court.

Wright is before this court for the second time. In *Wright v. State*, Wyo., 703 P.2d 1102 (1985) he attempted to demonstrate error in the refusal of the district court to permit him to withdraw his plea of guilty to a charge of burglary in violation of § 6–3–301(a), W.S.1977 (June 1983 Rev.). In that first appeal he also argued that his sentence manifested an abuse of discretion on the part of the district court. Both those claims of error were rejected. Prior to the disposition of the case in this court Wright filed a Motion for Reduction of Sentence in the district court which he then amended subsequent to the decision of this court in the first appeal. In that pleading the only hint of the position argued in this court are the citations of § 6–1–101(c), W.S. 1977 (June 1983 Rev.) and *Attletweedt v. State*, Wyo., 684 P.2d 812 (1984). The district court denied Wright's motion, and this appeal is taken from the Order Denying Motion.

In his brief Wright states the issue presented for review to be:

"Whether the appellant's sentence should have been achieved under the new criminal code (6–3–402, WS 1977), even though the appellant pleaded guilty to burglary in June of 1984."

In its brief the State of Wyoming asserts this issue:

"Was appellant properly sentenced for the crime of burglary and therefore, was

there no abuse of discretion in denying his motion for sentence reduction?"

■ Wright's appeal is foreclosed by the doctrine of res judicata. He pursued a direct appeal of the judgment and sentence, and the issue of the propriety of his sentence having been decided, "[t]he question is governed by the doctrine of the law of the case and the availability of Rule 36 relief, as is true of all other post-conviction relief mechanisms, does not permit a defendant to revitalize and relitigate an issue that has already been considered and decided. [Citations omitted.]" *Montez v. State,* Wyo., 592 P.2d 1153, 1154 (1979). An issue such as this which could have been disposed of upon direct appeal cannot be represented under any of the available mechanisms for post-conviction relief. It is foreclosed by the doctrine of res judicata. *Johnson v. State,* Wyo., 592 P.2d 285, *cert. denied,* 442 U.S. 932, 99 S.Ct. 2864, 61 L.Ed.2d 300 (1979); *Munoz v. Maschner,* Wyo., 590 P.2d 1352 (1979). Wright has presented no justification for treating this appeal differently, and the judgment of the district court denying relief must be affirmed.

We would be justified in not discussing Wright's claim further. He does, however, argue that he should have been sentenced under the special statute relating to larceny which was relied upon in the information charging him with burglary. This argument invokes *Capwell v. State,* Wyo., 686 P.2d 1148 (1984), and the State of Wyoming in its brief contends that there is an inconsistency between *Capwell v. State,* supra, and *Kallas v. State,* Wyo., 704 P.2d 693 (1985). The State urges that *Capwell v. State,* supra, be overruled.

In *Capwell v. State,* supra, this court concluded that a defendant who was prosecuted and convicted under a general attempt statute which carried a mandatory sentence of not less than five nor more than 50 years should have been sentenced under a special statute relating to attempted sexual assault which provided a lesser penalty of not less than one nor more than five years. We held that the general stat-

ute was not applicable to the circumstances in that case and that the special statute was the only one under which sentence could be imposed. In *Kallas v. State,* supra, the contention presented was that the incest statute was a special statute which foreclosed conviction under general statutes proscribing second degree sexual assault or indecent liberties with a minor. In that case, however, we held that each of the three statutes could be considered to be circumstantially specific depending upon the facts. Consequently none of them was held to be more specific than the others, and, therefore, the conviction and sentence for incest was permissible. We do not find any inconsistency between *Capwell v. State,* supra, and *Kallas v. State,* supra.

■ These doctrines, and the rule of *Attletweedt v. State,* supra, are of no benefit to Wright in this appeal. Because there was no pending case prior to the effective date of the Wyoming criminal code of 1982, § 6–1–101(c), W.S.1977 (June 1983 Rev.) and *Attletweedt v. State,* supra, have no application. Wright pleaded guilty to burglary in violation of § 6–3–301(a), W.S.1977 (June 1983 Rev.), which does encompass an intent to commit larceny as one of the elements of the offense. The fact that a consummated larceny was relied upon to establish that element of the offense of burglary does not permit the invocation of the penalty provisions of the larceny statute by one in Wright's situation. Wright was lawfully sentenced under the burglary statute, and that issue, if it were an issue, should have been raised in his first appeal. He is foreclosed from seeking relief with respect to that issue pursuant to Rule 36, W.R.Cr.P.

The judgment of the district court as manifested in the Order Denying Motion is affirmed.