802 F.2d 1282
 Dale S. PIERRE, a/k/a Dale Selby, Petitioner-Appellant, Cross-Appellee,
v.
Kenneth V. SHULSEN, Warden of the Utah State Prison, and
David L. Wilkinson, Attorney General of the State
of Utah, Respondents-Appellees, Cross-Appellants.
 Nos. 85-1021, 85-1082.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 6, 1986.
Rehearing Denied in No. 85-1021 Nov. 3, 1986.
 
 D. Gilbert Athay, Salt Lake City, Utah, for petitioner-appellant, cross-appellee.
 Earl F. Dorius, Asst. Atty. Gen. (David L. Wilkinson, Atty. Gen., and David J. Schwendiman, Asst. Atty. Gen., with him on the brief), State of Utah, Salt Lake City, Utah, for respondents-appellees, cross-appellants.
 Before McKAY, McWILLIAMS, and SEYMOUR, Circuit Judges.
 SEYMOUR, Circuit Judge.
 
 
 1
 Dale Selby, a/k/a Dale S. Pierre,[1] appeals from an order of the United States District Court for the District of Utah dismissing a habeas corpus petition challenging the constitutionality of his death sentence. See Selby v. Shulsen, 600 F.Supp. 432 (D.Utah 1984). We affirm.
 
 
 2
 Dale Pierre and William Andrews were convicted in Utah state court on three counts of first degree murder and two counts of aggravated robbery. The two men were sentenced to death for each of the murder convictions. Further facts and procedural history appear in the companion case of Andrews v. Shulsen, 802 F.2d 1256, 1258-60 (10th Cir.1986), which we have filed together with this decision. Although we have considered and rejected most of Pierre's arguments in the course of deciding Andrews,[2] he raises two additional issues that warrant brief discussion.
 
 
 3
 Pierre argues first that the statutory scheme under which he and Andrews were convicted and sentenced impermissibly shifted the burden of proof to defendants in the penalty phase of their case, thereby resulting in the imposition of mandatory death sentences. The State's threshold response based upon procedural default in the state courts is mistaken; Pierre has preserved this claim. See Selby, 600 F.Supp. at 433 n. 1. We have considered the merits of Pierre's argument in connection with an assessment of the Utah statutory scheme as a whole and have implicitly rejected it. See Andrews, 802 F.2d at 1261-62. We further agree with and adopt the district court's express treatment of this issue. See Selby, 600 F.Supp. at 433-34. The Utah statute imposes no unconstitutional burden upon defendants in capital cases.
 
 
 4
 Pierre also argues that the use of certain expert testimony at the penalty phase of his trial violated his Fifth Amendment right against self-incrimination, citing Estelle v. Smith, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). The expert, Dr. Louis G. Moench, was a psychiatrist originally appointed by the trial judge at the request of Pierre's trial counsel to perform a pretrial competency examination. At the sentencing hearing, Dr. Moench testified for the State that Pierre could distinguish right from wrong, that his ability to do so was unimpaired by any apparent mental disease or defect, that his mental condition had not changed significantly between the time of the crime and the examination, and that Pierre was of average intelligence and able to assist in preparing his defense. See rec., vol. XVI, state trial rec., vol. T-23, at 4134-37. Pierre had not been advised that he had a right to remain silent during Dr. Moench's competency examination. However, Dr. Moench repeated nothing that had been said during that examination but only stated the expert opinions he had formed.
 
 
 5
 The district court erred in electing to treat this claim on the merits. Pierre's failure to present the issue on direct appeal as required by Utah law, see Andrews v. Morris, 607 P.2d 816, 819-20 (Utah), cert. denied, 449 U.S. 891, 101 S.Ct. 254, 66 L.Ed.2d 120 (1980), or on collateral attack in the state courts, constitutes a procedural default that is governed by the cause and prejudice test.[3] See Reed v. Ross, 468 U.S. 1, 104 S.Ct. 2901, 2907-08, 82 L.Ed.2d 1 (1984).
 
 
 6
 Without deciding the question of cause, we conclude that Pierre suffered no actual prejudice from Dr. Moench's testimony, which was carefully limited by the trial judge to the doctor's general conclusions and constituted only two pages of the sentencing transcript. Under the circumstances here, the testimony cannot fairly be characterized as tending to establish an aggravating circumstance that would counsel in favor of the death penalty. See generally Andrews, 802 F.2d at 1261-62 (Utah provides for weighing of aggravating and mitigating circumstances to determine appropriate sentence in capital cases). At most, Dr. Moench's testimony might have negated mitigating evidence offered to show that Pierre did not fully comprehend the wrongfulness of his conduct. But Pierre offered no such evidence. His mental condition at the time of the murders and thereafter was never disputed. He neither pleaded an insanity defense nor introduced evidence of diminished mental capacity during the penalty phase. There is thus no basis for concluding that the jury might have decided upon a sentence of life imprisonment rather than death had the challenged testimony been excluded. The overwhelming evidence of aggravating circumstances in this case, see generally Andrews, 802 F.2d at 1258-60, coupled with a paucity of mitigating evidence, confirms this conclusion. Dr. Moench's testimony was not prejudicial.
 
 
 7
 For the reasons stated in this opinion, we affirm the judgment of the district court denying Pierre's petition for a writ of habeas corpus. Because this is a capital case, when the final order of this court is entered, following the consideration of any rehearing petition that may be filed, we will stay our mandate and the execution of Pierre's death warrant for 30 days pending the filing of a petition for certiorari in the Supreme Court of the United States. If a petition for certiorari is filed within such time, then the stay of our mandate and of petitioner's execution will continue until disposition by the Supreme Court of the petition for certiorari.
 
 
 
 [1]
 Selby filed his federal habeas petition as "Dale S. Pierre." He had been known throughout the state trial and state appeals as Mr. Pierre. Somewhere during the federal habeas proceedings, his attorney began referring to him as Mr. Selby. Because of the trial record and the state court cases, we will refer to defendant as "Pierre"
 
 
 [2]
 Andrews addresses the following claims that have also been raised by Pierre: (1) that Utah denied the two men a fair and impartial jury trial; (2) that the Utah capital punishment statute is unconstitutional; (3) that the statute has resulted in the arbitrary and capricious imposition of the death penalty; (4) that the Utah Supreme Court unconstitutionally declined to apply one of its precedents retroactively; (5) that Utah's provision for execution before a firing squad violates the Establishment Clause; and (6) that this method of execution constitutes cruel and unusual punishment. The disposition of these claims in Andrews controls here
 
 
 [3]
 Pierre also asserts that Dr. Moench's testimony violated his Sixth Amendment right to counsel. Because we agree with the district court that this argument lacks all merit, see Selby, 600 F.Supp. at 436 & n. 3, it is "unnecessary in such a situation to inquire whether [Pierre] preserved his claim before the state courts." See Engle v. Isaac, 456 U.S. 107, 120 n. 19, 102 S.Ct. 1558, 1567 n. 19, 71 L.Ed.2d 783 (1982)