Larry CAMPBELL, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 86–125.

Supreme Court of Wyoming.

Nov. 21, 1986.

Wyoming Public Defender Program: Leonard D. Munker, State Public Defender; Julie D. Naylor, Appellate Counsel; Howard J. Kushner, Cheyenne; Wyoming Defender Aid Program: Gerald M. Gallivan, Director, Laramie, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., S. Jane Caton, Asst. Atty. Gen., Cheyenne, for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Justice.

Appellant Larry Campbell was convicted after a jury trial of first degree sexual assault in violation of § 6–2–302(a)(i), W.S. 1977 (June 1983 Replacement),[1] and sentenced to a term in the penitentiary. On appeal, appellant raises one issue:

"Whether defense counsel's failure to call witnesses in appellant's behalf denied appellant of effective assistance of counsel."

We will affirm.

On the evening of October 13, 1985, appellant went to the home where his girl friend, the victim, was baby sitting four girls. There, appellant struck the victim in front of the children. After the victim sent

---

1. Section 6–2–302(a)(i), W.S.1977 (June 1983 Replacement), provides:

"(a) Any actor who inflicts sexual intrusion on a victim commits a sexual assault in the first degree if:

"(i) The actor causes submission of the victim through the actual application, reasonably calculated to cause submission of the victim, of physical force or forcible confinement."

the children away appellant sexually assaulted her.

On January 23, 1986, appellant filed a pretrial memorandum which listed four witnesses whom he intended to call. Two of these witnesses were to testify about the relationship between appellant and the victim. The other two were to testify about this relationship, as well as the events which occurred on October 13, 1985.

Trial was held on February 3, 1986. The four children testified as to the events leading up to the sexual assault, as well as the events occurring thereafter. After the state rested their case, appellant chose not to testify and defense counsel called no witnesses. As noted earlier, the jury found appellant guilty of first degree sexual assault.

On appeal, appellant claims he was denied the right to effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution and Art. 1, § 10 of the Wyoming Constitution. We have previously stated that we will construe these similar constitutional provisions together.

When reviewing the question of whether the assistance of counsel was effective, we use the standard of reasonableness. *Frias v. State*, Wyo., 722 P.2d 135 (1986); and *Munden v. State*, Wyo., 698 P.2d 621 (1985). To determine reasonableness, we look at trial counsel's acts or omissions in light of all the circumstances to determine if such acts or omissions fall outside the wide ambit of professionally competent assistance. *Frias v. State*, supra.

The burden rests upon an appellant to show the ineffective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *reh. denied* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984), the United States Supreme Court stated that in order for a convicted defendant to show that counsel's assistance was so defective as to require reversal, he must show two things:

" * * * First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.

Appellant argues that " * * * his proposed witnesses could have testified to events and circumstances which would have raised doubt as to the credibility of the victim and the four children who testified against him. * * * " However, in appellant's motion for a new trial, he admitted that his witnesses would not be able to testify about "the actual crime incident." The only eye witnesses to the physical assault on the victim occurring before the sexual assault were the four children, who all testified. The victim testified also.

Since appellant's witnesses were not present during the assault, the only testimony they would have been able to offer concerned the relationship between appellant and the victim and events occurring before the assault.

At the hearing on appellant's motion for a new trial, the trial court pointed out that defense counsel knew of the prospective witnesses' testimony, and commented on trial strategy:

"I'm confident that Mr. O'Connell [defense counsel] knew those witnesses, and I assume from the fact that he listed them as willcall witnesses that he had investigated what they would testify about.

"The fact that for some reason later on you changed your minds and decided not

to call them does not in my mind come up to ineffective assistance of counsel.

"There are a lot of—of calls that are made that are judgment calls and tactical calls during the course of a trial, which, in retrospect, you may decide would have been better called the other way, hindsight always being 20/20 and your 20/20 hindsight being the result of a conviction of a very serious felony. I certainly don't see that.

"Whatever Mr. O'Connell may have told you about testifying or not testifying, I recall that I emphasized to you very strongly that I didn't care which way you went, whether you testified or whether you didn't testify, and told you that it was your choice to make.

"I did, however, caution you of the consequences of it and left you to make your decision with the assistance of counsel. You're now dissatisfied with the decision you made. That does not entitle you to a new trial."

█ We agree with the trial court and again state that deference must be given to trial counsel and leave the trial strategy decisions to him or her. Simply because a trial results in a conviction, and there are things which could have been done differently by counsel at trial, does not automatically result in a finding of ineffectiveness. There must be a showing that such acts or omissions were so serious as to deprive a defendant of a fair trial. In *Strickland v. Washington*, supra, the court cautioned:

"Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. Cf. *Engle v. Isaac*, 456 U.S. 107, 133–134, 102 S.Ct. 1558, 1574–1575, 71 L.Ed.2d 783 (1982). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the valuation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' [Citation.] There are countless ways to provide effective assistance in any given case. * * *." Id., 466 U.S. at 689, 104 S.Ct. at 2065–2066, 80 L.Ed.2d at 694.

Our review of the record reveals that defense counsel rendered assistance which was competent under the circumstances. As noted above, the only eye witnesses to part of the incident were the four children, who all testified. Defense counsel thoroughly cross-examined these and all other witnesses, pointing out any weaknesses in their testimony. Furthermore, defense counsel pointed out in both his opening and closing statements that there were many questions left unanswered by the state.

█ Given the presumption that the assistance rendered by trial counsel was effective, we find that appellant has failed to meet his burden of showing defense counsel was ineffective. Appellant has not shown the facts to which his proposed witnesses would have testified. Such "blind speculation" and "bald conclusive statements," without more, are insufficient to show ineffective assistance of counsel. *State ex rel. Hopkinson v. District Court, Teton County*, Wyo., 696 P.2d 54 (1985).

We affirm the conviction and sentence.