**Michael W. EVANS, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 94–193.

Supreme Court of Wyoming.

March 28, 1995.

Michael W. Evans, pro se, Rawlins.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., D. Michael Pauling, Sr. Asst. Atty. Gen., Georgia L. Tibbetts, Asst. Atty. Gen., Theodore E. Lauer, Director, Prosecution Assistance Program, Lisa M. Quast, Student Intern, Martin L. Hardsocg, Student Intern, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

GOLDEN, Chief Justice.

We review Appellant's contention that the district court erred in denying his motion to correct an illegal sentence.

We affirm.

Appellant Evans submitted these issues:

I. Petitioner's sentence under the habitual criminal statute is illegal.

II. There was insufficient evidence to convict petitioner as an habitual criminal beyond a reasonable doubt.

III. Evidence used in the habitual criminal phase was in violation of Appellant's constitutional rights.

IV. Appellant's Fifth Amendment rights against self-incrimination were violated in the habitual criminal case.

V. The prior convictions used in the habitual criminal sentence were invalid.

VI. Appellant was denied the effective assistance of counsel.

The state contends that Evans' objections are without merit, but as its principal defense asserts that these issues may not be raised in the context of a motion to correct an illegal sentence.

By judgment and sentence entered on June 8, 1982, Evans was found guilty of first degree sexual assault. In addition, upon proof that he had been convicted of three other felonies, and in accordance with WYO. STAT. § 6–1–110 (1977)[1], he was found guilty of being an habitual criminal and sentenced to a term of life imprisonment. That conviction was reviewed on appeal. *Evans v. State,* 655 P.2d 1214 (Wyo.1982). On March 15, 1994, Evans filed a motion to correct an illegal sentence, pursuant to WYO.R.CR.P. 35(a). On June 13, 1994, that motion was amended to add additional issues. By order entered on June 22, 1994, the district court denied the motion.

 A motion to correct an illegal sentence presupposes a valid conviction and may not be used to re-examine errors occurring at trial or other proceedings prior to the imposition of sentence. Therefore, issues concerning the validity of a conviction will not be addressed in the context of a Rule 35 motion. *State v. Meier,* 440 N.W.2d 700, 703 (N.D. 1989); 3 CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE: *Criminal* 2d § 582 (1982).

 We presuppose, in accordance with the rules cited above, that the conviction in issue is valid. On its face, the sentence imposed is within the statutorily authorized limits and is otherwise consonant with governing law. All other matters raised by Evans in his brief are addressed to the validity of his conviction and we will not consider them in the context of this appeal.

The order of the district court denying the motion for correction of an illegal sentence is affirmed.

THOMAS, Justice, concurring specially.

I agree with the result in the majority opinion in this case. Evans has labored mightily to invoke a remedy that is not available to him. It seems to me, however, the result is justified by recognized doctrines in the law of Wyoming. I would invoke them to deny relief to Evans.

In *DeSpain v. State,* 865 P.2d 584 (Wyo. 1993), we embarked upon a deliberate course of limiting the issues that could be raised by a motion to correct an illegal sentence pursuant to WYO.R.CRIM.P. 35(a). I would apply that rule to Evans' case, and limit Evans to the remedy of post-conviction relief through WYO.STAT. § 7–14–101 to –108 (1987 & Cum. Supp.1994). *Birr v. State,* 878 P.2d 515 (Wyo.1994).

It also appears some of Evans' contentions duplicate those raised in *Evans v. State,* 655 P.2d 1214 (Wyo.1982). Those are barred by application of the doctrine of *res judicata. Wright v. State,* 718 P.2d 35 (Wyo.1986), and the cases cited.

Finally, I am satisfied the doctrine of procedural waiver would apply to all issues suggested by Evans that are not controlled by the doctrine of *res judicata.* In *Cutbirth v.*

---

**1.** As amended, that statute is now numbered Wyo.Stat. § 6–10–201 (1988).

*State,* 751 P.2d 1257, 1261–62 (Wyo.1988), we said:

> This court has taken a disciplined approach to post-conviction relief, pointing out that it is not a substitute for the right of review upon appeal from a conviction, nor is it to be treated as an appeal. *Pote v. State,* Wyo., 733 P.2d 1018 (1987); *Hoggatt v. State,* Wyo., 606 P.2d 718 (1980); *Johnson v. State,* Wyo., 592 P.2d 285, *cert. denied* 442 U.S. 932, 99 S.Ct. 2864, 61 L.Ed.2d 300 (1979); *Munoz v. Maschner,* Wyo., 590 P.2d 1352 (1979). Questions which may be raised by a motion for post-conviction relief are limited to those of constitutional magnitude which manifest a miscarriage of justice. *Wright v. State,* Wyo., 718 P.2d 35 (1986); *Hoggatt v. State,* supra. Those issues which could have been presented on appeal are not open to challenge by a motion for post-conviction relief because they are foreclosed by the doctrine of res judicata. *Wright v. State,* supra; *Hoggatt v. State,* supra; *Munoz v. Maschner,* supra.
>
> Our rule is one of procedural waiver or default which is in accord with the rule invoked when a post-conviction review proceeding is pursued in the federal courts. If a person convicted in state court fails to assert a legal issue when an appropriate opportunity exists, in accordance with state procedural rules, that person is foreclosed from relief in a federal post-conviction proceeding unless he can meet the dual requirements of showing cause for the failure and actual prejudice. *Reed v. Ross,* 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984); *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783, *reh. denied* 456 U.S. 1001, 102 S.Ct. 2286, 73 L.Ed.2d 1296 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594, *reh. denied* 434 U.S. 880, 98 S.Ct. 241, 54 L.Ed.2d 163 (1977); *Pierre v. Shulsen,* 802 F.2d 1282 (10th Cir.1986), cert. denied [481] U.S. [1033], 107 S.Ct. 1964, 95 L.Ed.2d 536 (1987), *reh. denied* [483] U.S. [1012], 107 S.Ct. 3246, 97 L.Ed.2d 750 (1987); *Andrews v. Shulsen,* 802 F.2d 1256 (10th Cir. 1986), *cert. denied* [485] U.S. [919], 108 S.Ct. 1091, 99 L.Ed.2d 253, *reh. denied* [485] U.S. [1015], 108 S.Ct. 1491, 99 L.Ed.2d 718 (1988). Policy principles of finality and judicial economy demand that a state be allowed, as a matter of procedure, to compel a defendant to assert all claims of error in his direct appeal. Failure to do so justly results in a waiver of those issues in collateral proceedings. *Wright v. State,* supra. Our approach fits with the federal rule because in the courts of this state, a convicted person is foreclosed from raising in a post-conviction proceeding any claim of error which he could or should have presented on appeal unless he demonstrates good cause for not presenting the issue on appeal and actual prejudice arising from the failure to present it. This adoption of a rule parallel to the rule applied in the federal courts will facilitate in a material way the task of the federal courts in examining issues raised in federal post-conviction proceedings in which review is sought of a conviction in the State of Wyoming. (Footnote omitted.)

We have followed this rule consistently. *Calene v. State,* 846 P.2d 679 (Wyo.1993); *Engberg v. Meyer,* 820 P.2d 70 (Wyo.1991); *Murray v. State,* 776 P.2d 206 (Wyo.1989); *Kallas v. State,* 776 P.2d 198 (Wyo.1989); *Amin v. State,* 774 P.2d 597 (Wyo.1989); *Campbell v. State,* 772 P.2d 543 (Wyo.1989); *Schuler v. State,* 771 P.2d 1217 (Wyo.1989).

I think it is important to explain, in as many ways as possible, to our inmate population at the state penitentiary, that we will not countenance attempts to avoid the limitations period which attaches to post-conviction relief under Wyo.Stat. § 7–14–101 to –108 by invoking Wyo.R.Crim.P. 35(a).