# SUPERIOR COURT
# OF THE
# STATE OF DELAWARE

CRAIG A. KARSNITZ                                          1 The Circle, Suite 2
RESIDENT JUDGE                                          Georgetown, DE 19947
                                                     Telephone (302) 856-5263

November 18, 2022

Augustus H. Evans, Jr.
SBI# 00191247
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Re:   *State of Delaware v. Augustus H. Evans, Jr*., Def. ID# 0609011528A

Dear Mr. Evans:

On October 26, 2021, I denied (1) your August 13, 2021 "Amended Memorandum Supporting Motion to Rehear" Judge Robinson's April 19, 2021 denial of your tenth Rule 61 Motion for Postconviction Relief, (2) your request for the appointment of postconviction counsel, and (3) your request for an evidentiary hearing.

On November 14, 2022, we received three additional filings from you:

(1) Rule 22 Motion to Stay Proceedings Until Rule 35(a): Correction of Illegal Sentence Motion Before Delaware Superior Court is Resolved, to be filed in the Supreme Court of the United States;

(2) Rule 35(a) Motion for Correction of Illegal Sentence, to be filed in the Superior Court for New Castle County; and,

(3) Rule 35(a) Motion for Correction of Illegal Sentence, to be filed in this Court.

All three Motions were received by Judge Wallace in the Superior Court for New Castle County, who recused himself[1] and directed that the Motions be returned to the Prothonotary for reassignment. The Motions have been reassigned to me.

Your first Motion is captioned as "Rule 22 Motion to Stay Proceedings Until Rule 35(a): Correction of Illegal Sentence Motion Before Delaware Superior Court is Resolved," to be filed with the United States Supreme Court. Delaware Superior Court Criminal Rule 22 addresses the time of a motion to transfer a case to another county for plea and sentence[2] or for trial,[3] and therefore does not appear to be apposite in this case. Nor does United States Supreme Court Rule 22 (Application to Individual Justices) appear to be apposite. In any event, your Motion appears to ask the United States Supreme Court to stay the proceedings in your case until the Delaware Superior Court rules on your Rule 35(a) Motions. Perhaps you meant to file with the Delaware Supreme Court.[4] In any event, this Court cannot accept filings for either the United States Supreme Court or the Delaware Supreme Court, which you must file directly with those Courts.

Your second Motion is specifically addressed to Judge Wallace, claiming that he has unique expertise on, and is best versed on, the issues raised by your case. As stated above, Judge Wallace has recused himself, and I have been assigned to this case. The substance of this second Motion is identical to the substance of your third Motion, so I will rule on them simultaneously.

Your third Motion is made under Rule 35(a) for correction of an illegal sentence. Rule 35(a) permits me to correct an illegal sentence "at any time."[5] The "narrow function of Rule 35 is to permit correction of an illegal *sentence,* not to re-examine errors occurring at the trial or other proceedings prior to the imposition of

---

[1] Under Del. Judges' Code of Judicial Conduct Canon 2, Rule 2.11(A)(4)(a) (2022).
[2] Super. Ct. Crim. R. 20.
[3] Super. Ct. Crim. R. 21.
[4] In *Evans v. State*, 2015 WL 7758307, at *2 (Del. Dec. 1, 2015), the Delaware Supreme Court stated that, based on your history of repetitive and frivolous filings, you cannot challenge your criminal convictions in that Court unless you submit the required filing fee or a completed motion to proceed *in forma pauperis* with a sworn affidavit containing the certifications required by 10 Del. C. 8803(e)(5) and that motion is granted by the Delaware Supreme Court.
[5] Super. Ct. Crim. R. 35(a).

sentence."[6]  "A proceeding under Rule 35 presupposes a valid conviction."[7] Relief under Rule 35(a) is available "when the sentence imposed exceeds the statutorily-authorized limits, [or] violates the Double Jeopardy Clause."[8] A sentence may be illegal if it violates the defendant's constitutional or statutory rights, or if the court lacked jurisdiction.[9] A sentence is also illegal if it "is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize."[10]

Your Motion does not address any of these grounds for an illegal sentence. Rather, and given the fact that your conviction and sentence occurred many years ago, you appear to have latched on to the words "at any time" to rehash all the errors you have repeatedly alleged occurred at the trial *prior to* the imposition of your sentence, or in your numerous Rule 61 Motions.  These include failure to give a jury instruction on a lesser included offense (Menacing), actual innocence in fact, and the retroactive application of a post-sentencing change to Rule 61 which eliminated the "miscarriage of justice" exception to the bars to relief[11] (which you claim is an *ex post facto* violation of your due process rights). These claims have all been adjudicated numerous times previously and denied by this Court.  Another Rule 61 Motion disguised as a Rule 35(a) Motion simply does not pass muster.

Accordingly, both of your Motions for Correction of Illegal Sentence under Rule 35(a) are **DENIED**.

---

[6] *Hill v. United States,* 368 U.S. 424, 430 (1962).
[7] *Whitfield v. United States,* 401 F.2d 480, 483 (9th Cir. 1968). *Accord Evans v. State*, 892 P.2d 796, 797 (Wyo. Supr., 1995); *State v. Meier,* 440 N.W.2d 700, 703 (N.D.Supr.,1989).
[8] *United States v. Pavlico,* 961 F.2d 440, 443 (4th Cir. 1992).
[9] *Kelly v. State*, 911 A.2d 803 (Del. 2006).
[10] *United States v. Dougherty,* 106 F.3d 1514, 1515 (10th Cir. 1997); *see generally Brittingham v. State*, 705 A.2d 577 (Del. 1998).
[11] Super. Ct. Crim. R. 61(i).

**IT IS SO ORDERED**.

Very truly yours,

/s/ Craig A. Karsnitz

cc:    Prothonotary

4